# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVID,<br><br>            Plaintiff,<br><br>     v.<br><br>A. GUTIERREZ, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:11-cv-00061-OWW-SMS PC<br><br>ORDER STRIKING COMPLAINT FROM RECORD FOR LACK OF SIGNATURE<br><br>(ECF No. 1)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TRUE IDENTITY OF DEFENDANTS<br><br>(ECF No. 13)<br><br>ORDER DENYING MOTION FOR RICO STANDING<br><br>(ECF Nos. 14, 15.)<br><br>THIRTY-DAY DEADLINE |

**I.      Complaint**

Plaintiff David M. David ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on January 3, 2011. (ECF No. 1.) The complaint was not signed by Plaintiff. Unsigned documents cannot be considered by the Court, and Plaintiff's complaint shall be stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b). Plaintiff shall be granted thirty days to file a complaint on compliance with this order.

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint. The function of the complaint is not

to list every single fact relating to Plaintiff's claims. Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Federal Rule of Civil Procedure 10(b).

Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

Finally, Plaintiff's complaint may not exceed twenty-five pages and shall contain no legal citations or argument. In the complaint, Plaintiff shall state as briefly as possible the facts of the case, describing how each defendant is involved, and Plaintiff shall not give any legal arguments or cite to any cases or statutes. Plaintiff shall separate his claims, so that it is clear what the claims are and who the defendants involved are. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

///

## II. Motion for Discovery

Plaintiff filed a motion for discovery on February 14, 2011. (ECF No. 13.) Plaintiff moves the Court to order the California Department of Corrections and Rehabilitation to provide him with the full names and badge numbers of employees. As Plaintiff was notified via the First Informational Order, an order opening discovery is issued once an answer is filed. (ECF No. 5, ¶8.) In this case, there is no complaint on file and Plaintiff's motion for discovery will be denied as premature.

## III. Motion for RICO Standing

On February 14, 2011, Plaintiff filed a motion for RICO standing and a notice of standing. (ECF Nos. 14, 15.) Plaintiff may not obtain RICO standing in this action by means of a motion. In order for this action to proceed under RICO, Plaintiff must allege sufficient facts in his complaint to state a cognizable RICO claim. Plaintiff's motion for RICO standing shall be denied.

## VI. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's unsigned complaint filed January 3, 2011, is STRICKEN from the record;
2. Plaintiff's motion for discovery filed February 14, 2011, is DENIED as premature;
3. Plaintiff's motion for RICO standing filed February 14, 2011, is DENIED; and
4. Plaintiff SHALL file a complaint within **thirty (30) days** from the date of service of this order. The failure to comply with this order will result in dismissal of this action in its entirety.

IT IS SO ORDERED.

**Dated:   May 9, 2011**                           /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

3