# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVID, | CASE NO. 1:11-cv-00061-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| A. GUTIERREZ, et al., | (ECF No. 11) |
| Defendants. | FIFTEEN-DAY DEADLINE |

Plaintiff David M. David ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 3, 2011, Plaintiff filed an unsigned complaint in this action which was stricken from the record. Plaintiff filed a motion for a preliminary injunction on February 14, 2011. (ECF No. 11.) In his motion for a preliminary injunction Plaintiff is seeking an order that Defendants cease and desist all disciplinary actions against Plaintiff and restore his good time credits and behavioral point credits; provide him copies of legal materials and court paper; cease and desist all retaliation against Plaintiff; restore the use of the yard chapel for Jewish services; feed Jewish inmates in their cells, and "out-count" Jewish inmates on Fridays so they may attend services.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos

Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

At this stage in the action there is no complaint on file and in the absence of a viable claim against Defendants in this action, Plaintiff may not obtain the requested relief. Summers, 129 S. Ct. at 1149-50 (2009) (citation omitted); Local Rule 231.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction filed February 14, 2011, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

1  1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:   May 9, 2011**                              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE