# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVID,<br><br>          Plaintiff,<br><br>    v.<br><br>A. GUTIERREZ, et al.,<br><br>          Defendants. | CASE NO. 1:11-cv-00061-LJO-BAM PC<br><br>ORDER REFERRING CASE TO PRISONER SETTLEMENT PROGRAM, AND SETTING SETTLEMENT CONFERENCE<br><br>Date:    May 18, 2012<br>Time:   9:00 a.m.<br>Place:  Chuckawalla Valley State Prison before the Honorable Charles R Pyle |

Plaintiff David M. David ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed June 13, 2011, is currently pending screening. (ECF No. 24.) Following a review of Plaintiff's complaint, **this action is being referred to the Prison Settlement Program for mediation on Plaintiff's claim that he was found guilty of a rule violation for failing to cut his beard in violation of the Free Exercise Clause of the First Amendment**. This case will be referred to Magistrate Judge Charles R. Pyle to conduct a settlement conference at Chuckawalla Valley State Prison, 19025 Wiley's Well Road, Blythe, California 92225 on May 18, 2012 at 9:00 a.m. A separate order and writ of habeas corpus ad testificandum will be issued by the Court to secure Plaintiff's attendance at the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Charles R. Pyle on May 18, 2012, at 9:00 a.m. at Chuckawalla Valley State Prison,19025 Wiley's Well Road, Blythe, California 92225.

1    2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1,2]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a confidential settlement conference statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, so they arrive no later than May 4, 2012 and file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

[2] Defendants have not yet been served or made appearances in this action. However, the Office of the Attorney General for the State of California has agreed to appear for the settlement conference and engage in early, pre-service settlement negotiations.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

   5. The Clerk of the Court is directed to serve a copy of this order on Gretchen Buechsenschuetz and Rene Lucaric, Office of the Attorney General, 300 South Spring Street, Suite 1702, Los Angeles, California 90013.

 IT IS SO ORDERED.

**Dated:**  **April 23, 2012**        **/s/ Barbara A. McAuliffe**
                 UNITED STATES MAGISTRATE JUDGE