# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVID,<br><br>              Plaintiff,<br><br>       v.<br><br>A. GUTIERREZ, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:11-cv-00061-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MOTIONS FOR A COURT ORDER<br><br>(ECF Nos. 28, 29, 38, 39, 40)<br><br>FOURTEEN DAY DEADLINE |

**I.     Procedural History**

Plaintiff David M. David ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 10, 2011, Plaintiff's unsigned complaint was stricken from the record, and Plaintiff was ordered to file a complaint that complied with Federal Rules of Civil Procedure 8 and 18. (ECF No. 18.) Plaintiff filed a complaint on June 13, 2011.[1] (ECF No. 23.) On December 12, 2011, Plaintiff filed a motion for default judgment. (ECF No. 28.) On December 19, 2011, Plaintiff filed a notice of destruction of legal materials. On May 29, 2012, Plaintiff's complaint was stricken from the record for failing to comply with Federal Rules of Civil Procedure 8 and 18. (ECF No. 34.) On July 9, 2012, Plaintiff filed three motions for a court order directing prison officials at Mule Creek State Prison ("MCSP") to return his legal and religious materials. (ECF No. 38, 39, 40.) On July 12, 2012, Plaintiff's motion for an

---
[1] The Court notes that the complaint was incorrectly docketed as a first amended complaint.

1

extension of time was granted and Plaintiff's was given thirty days in which to file a complaint. (ECF No. 41.)

Plaintiff has not filed a complaint and, once a complaint is filed the Court must screen it to determine whether it states a claim upon which relief could be granted. As such, none of the defendants have been served or have appeared in this case. With this procedural background in mind, the Court will address Plaintiff's pending motions.

**II.    Motion for Default Judgment**

Plaintiff seeks default judgment because prison officials at MCSP confiscated his property. Pursuant to Federal Rules of Civil Procedure 55, obtaining a default judgment is a two step process. Yue v. Storage Technology Corp., No. 3:07-cv-05850, 2008 WL 361142, *2 (N.D.Cal. Feb, 11, 2008). Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff can seek entry of default judgment. Fed. R. Civ. P. 55(b)(1) and (2). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991) (internal punctuation and citations omitted). Plaintiff may not receive an entry of default judgment, because there has been no entry of default against any defendant in this action. No complaint has been filed or served on any defendant. Default cannot be entered as a matter of law.

**III.   Motions for Court Orders**

In the December 12, 2011 motion, Plaintiff alleges that on December 1, 2011, property from his cell was confiscated by prison officials. Plaintiff seeks an order returning all of his property, an order directing prison officials to cease retaliating against him, an order that his property could not be confiscated in the future, and $100,000. (ECF No. 28.) Plaintiff's notice of destruction of legal materials requests a court order directing prison officials to return his legal materials, place Plaintiff on single cell status, and direct officials to cease and desist from annoying, harassing, or intimidating Plaintiff. (ECF No. 29.) In the motion for a court order seeking return of legal materials seized on May 22, 2012, Plaintiff states that the materials were returned so the request is moot. (ECF No. 38.)

1  Plaintiff is seeking a court order directing the return of legal materials seized on December 1, 2011,
2  and March 5, 2012. (ECF No. 39.) Plaintiff states that the legal materials he seeks are evidence in
3  this and four other federal proceedings that are pending. Plaintiff claims on April 24, 2012, prison
4  officials at MCSP confiscated legal and religious books from his cell and he seeks an order directing
5  they be returned. (ECF No. 40.)

6  Plaintiff is requesting injunctive relief in the form of a court order. Federal courts are courts
7  of limited jurisdiction and in considering a request for injunctive relief, the Court is bound by the
8  requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los
9  Angeles v. Lyons, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for
10 Separation of Church and State, Inc., 102 S .Ct. 752, 757-58 (1982). If the Court does not have an
11 actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for
12 prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform
13 Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no
14 further than necessary to correct the violation of the Federal right, and is the least intrusive means
15 necessary to correct the violation of the Federal right."

16 Plaintiff has not filed a complaint that complies with the Federal Rules of Civil Procedure
17 and currently no complaint is filed in this action. Until such time as Plaintiff files a complaint, the
18 Court is unable to determine if it has jurisdiction to award the relief requested. Plaintiff is currently
19 incarcerated at MCSP. On January 12, 2011, this action was transferred to the Fresno Division of
20 the Eastern District because Plaintiff was alleging violations of his rights while he was incarcerated
21 at Coalinga State Prison ("Coalinga"). (ECF No. 4.) Generally, when an inmate seeks injunctive
22 or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become
23 moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th
24 Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517,
25 519 (9th Cir. 1991).

26 Also, Plaintiff's allegations of past conduct by prison officials at Coalinga would not confer
27 jurisdiction on this Court to direct prison officials at MCSP to return his property. 18 U.S.C. §
28 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009); Steel Co. v. Citizens

for a Better Env't, 523 U.S. 83, 103-04 (1998); City of Los Angeles v. Lyons, 103 S. Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Finally, until such time as Plaintiff files a complaint, the Court is unable to determine if the relief he seeks would correct the Federal right which is at issue in this action. 18 U.S.C. § 3626(a)(1)(A)

Accordingly, the Court cannot determine if this action confers jurisdiction to issue the requested orders or if the relief requested is available in this action. Plaintiff's motions seeking a court order should be denied, without prejudice.

## IV.     Conclusion and Recommendation.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 28) be denied;

2. Plaintiff's request for a court order in the notice of destruction of legal materials (ECF No. 29) be denied, without prejudice;

3. Plaintiff's motion for a court order directing the return of his legal materials (ECF No. 38) be DENIED as moot;

4. Plaintiff's motion for a court order directing the return of his legal materials (ECF No. 39) be DENIED, without prejudice; and

5. Plaintiff's motion for a court order directing the return of his law and religious books (ECF No. 40) be DENIED, without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///

4

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 2, 2012**                        **/s/ Barbara A. McAuliffe**
                                                                                       UNITED STATES MAGISTRATE JUDGE