1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  DAVID M. DAVID,                          CASE NO. 1:11-cv-00061-LJO-BAM PC

10                    Plaintiff,            ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS RECOMMENDING
11          v.                              DENYING PLAINTIFF'S MOTIONS FOR A
                                            COURT ORDER
12  A. GUTIERREZ, et al.,
                                            (ECF No. 28, 29, 38, 39, 40, 45, 45)
13                    Defendants.
                                            ORDER DIRECTING CLERK OF THE COURT
14                                          TO SEND PLAINTIFF COPY OF COMPLAINT

15                                          (ECF No. 23)

16                                          THIRTY-DAY DEADLINE

17  _____/

18  **I.    Background**.

19          Plaintiff David M. David ("Plaintiff") is a state prisoner proceeding pro se and in forma

20  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on January

21  3, 2011.  (ECF No. 1.)  On May 10, 2011, Plaintiff's complaint was dismissed as it was unsigned,

22  and Plaintiff was ordered to file a signed complaint that complied with Federal Rules of Civil

23  Procedure 8 and 18.  (ECF No. 18.)  On May 29, 2012, Plaintiff's first amended complaint was

24  stricken for failing to comply with the order issued May 10, 2011.[1]  (ECF No. 34.)  On August 2,

25  2012, findings and recommendations issued recommending denying Plaintiff's motions for a court

26  order.  (ECF No. 42.)  On August 20, 2012, Plaintiff was granted an extension of time to file a

27

28          [1] Plaintiff submitted the same complaint that had been stricken on May 10, 2011, and which he was informed
    did not comply with the Federal Rules of Civil Procedure.

1

1  second amended complaint and objections to the findings and recommendations. (ECF No. 44.) On

2  September 18, 2012, Plaintiff filed a document entitled "Compliance With Court Orders." (ECF No.

3  45.)

4       Plaintiff states that he is unable to draft an amended complaint because Defendants have

5  destroyed his property. Plaintiff requests a court order requiring the Attorney General of the State

6  of California to provide copies of all court documents, all inmate appeals, all rules violation reports,

7  and full names of all defendants and affidavits written by Jewish inmates in support of this matter

8  and all rules violation reports for inmate Maisler. Additionally, Plaintiff requests summary judgment

9  in the amount of $250,000,000.

10       Initially, the Court advises Plaintiff that no complaint has been filed in this action. Therefore,

11  if Plaintiff chooses to pursue this action he shall be filing a complaint, not an amended complaint.

12  **II.**   **Motion for Court Order**

13       As Plaintiff was previously advised, federal courts are courts of limited jurisdiction and in

14  considering a request for injunctive relief, such as the court orders requested in this instance, the

15  Court is bound by the requirement that as a preliminary matter, it have before it an actual case or

16  controversy. <u>City of Los Angeles v. Lyons</u>, 103 S. Ct. 1660, 1665 (1983); <u>Valley Forge Christian</u>

17  <u>Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 102 S .Ct. 752, 757-58 (1982). If the

18  Court does not have an actual case or controversy before it, it has no power to hear the matter in

19  question. <u>Id.</u> Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the

20  Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is

21  narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and

22  is the least intrusive means necessary to correct the violation of the Federal right."

23       Since Plaintiff's complaint has been stricken there is no case or controversy before the Court

24  upon which relief can be granted. Accordingly, Plaintiff's motion for a court order is denied.

25  However, in order to assist Plaintiff in filing his complaint, the Clerk of the Court shall be directed

26  to send Plaintiff a copy of the complaint which he filed in this action. The Court notes that Plaintiff

27  has not made any attempt to file a complaint that complies with the order issued on May 10, 2011.

28  Although Plaintiff was advised that his unsigned complaint did not comply with the Federal Rules

of Civil Procedure and he was required to submit a complaint that complied with Federal Rules of Procedure 8 and 18 and did not exceed 25 pages in length, Plaintiff filed the same complaint which had been stricken. Plaintiff shall be granted one **final opportunity** to file a complaint in compliance with the orders of the Court.

**III.    Motion for Summary Judgment**

Plaintiff has also previously been advised that his motion for summary judgment is premature. Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). This requires that the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985). Until such time as Defendants have entered an appearance and had the opportunity to conduct discovery, Plaintiff's motion is premature. Once Defendants have filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set. Any further motions for summary judgment prior to the issuance of the discovery and scheduling order shall be stricken from the record.

**IV.    Findings and Recommendations**

The Court has considered Plaintiff's stated objections to the findings and recommendations filed August 2, 2012. Plaintiff relies on Johnson v. United States, 33 U.S. 10 (1948), to argue that he is entitled to summary judgment based on the spoilation of evidence. However, Johnson involved whether the search of a home without probable cause violated the Fourth Amendment, and is not relevant to whether Plaintiff can receive summary judgment prior to service of his complaint on any defendant. While the Court may issue sanctions against a party that engages in spoilation of evidence, Plaintiff's allegations that prison officials have destroyed his copies of records pertaining to this action is insufficient to establish that any defendant in this action should be sanctioned for spoilation of evidence.

///

1  **V.**      **Conclusion and Order**

2        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

3  de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings

4  and recommendations to be supported by the record and by proper analysis.

5        Accordingly, IT IS HEREBY ORDERED that:

6      1.      The findings and recommendations, filed August 2, 2012, are adopted in full;

7      2.      Plaintiff's motions for a court order filed December 12, 2011; December 19, 2011;

8              and July 9, 2012, are DENIED;

9      3.      Plaintiff's motion for a court order and summary judgment filed September 18, 2012,

10             is DENIED;

11     4.      The Clerk of the Court is directed to send Plaintiff a copy of the complaint filed June

12             13, 2011;

13     5.      Plaintiff shall be granted thirty days from the date of service of this order in which

14             to file a complaint that complies with Federal Rules of Civil Procedure 8, 18, and 20

15             and other applicable pleading standards;

16     6.      No further extensions of time shall be granted; and

17     7.      Plaintiff's failure to file a complaint in compliance with this order and the order

18             issued May 10, 2011, shall result in this action being dismissed, without prejudice,

19             for failure to comply with an order of the court.

20

21

22  IT IS SO ORDERED.

23  **Dated:**    **September 20, 2012**              **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE

24

25

26

27

28