# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DAVID,<br><br>          Plaintiff,<br><br>    v.<br><br>A. GUTIERREZ, et al.,<br><br>          Defendants.<br>_____ / | CASE NO. 1:11-cv-00061-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 47)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

      Plaintiff David M. David ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 3, 2011. (ECF No. 1.) On May 10, 2011, Plaintiff's complaint was stricken for lack of a signature. In the order striking the complaint, Plaintiff was advised that his complaint must comply with Federal Rules of Civil Procedure 8 and 18, that his complaint could not exceed twenty five pages in length and could not contain any legal argument. (Order 2, ECF No. 18.) Plaintiff was also advised that failure to comply with the order will result in this action being dismissed in its entirety. (Id. at 3.)

      On June 13, 2011, Plaintiff signed and filed the same thirty page complaint, alleging unrelated incidents, that had been stricken from the record. (ECF No. 23.) On May 29, 2012, Plaintiff's complaint was stricken from the record for failing to comply with the order issued May 10, 2011. (ECF No. 34.) In the order striking the complaint for the second time, Plaintiff was advised that his complaint must comply with the May 10, 2011 order and if he failed to file a complaint that complied with the orders of the Court this action would be dismissed.

1  After receiving several extensions of time, Plaintiff filed a complaint on October 24, 2012.
2  (ECF No. 47.) Plaintiff's current complaint is ninety eight pages in length, includes a memorandum
3  of points and authorities, and alleges over thirty causes of action against ten Defendants. Plaintiff
4  has not only failed to file a complaint that complies with the orders of this court, but rather than
5  complying, has increased the length of the complaint by over sixty pages and included a
6  memorandum of legal authority which Plaintiff was clearly advised was not to be included in his
7  complaint.
8  District courts have the inherent power to control their dockets and "[i]n the exercise of that
9  power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." In re
10 Phenylpropanolamine, 460 F.3d at 1227 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831
11 (9th Cir. 1986)). A court may dismiss an action based on a party's failure to prosecute an action,
12 failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46
13 F.3d 52, 53-54 (9th Cir. 1995)(per curiam)(dismissal for noncompliance with local rule); Ferdik v.
14 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
15 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
16 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised
17 of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure
18 to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal
19 for failure to lack of prosecution and failure to comply with local rules). Local Rule 110 provides
20 that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
21 be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of
22 the Court."
23 In determining whether to dismiss an action for lack of prosecution, failure to obey a court
24 order, or failure to comply with local rules, the Court must consider "several factors: (1) the public's
25 interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the
26 risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
27 and (5) the availability of less drastic sanction." Omstead v. Dell Inc., 594 F.3d 1081, 1084 (9th Cir.
28 2010); In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1222 (9th Cir 2006);

1  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

2      The "public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 649.  In this instance, Plaintiff's blatant failure to file a complaint that complies with the order of this Court impedes the expeditious resolution of this action. Accordingly, the Court finds that the public's interest in expeditiously resolving this litigation weighs in favor of dismissal.  This case unnecessarily has consumed significant time that the Court could have devoted to other cases that are on the docket.  Pagtalunan, 291 F.3d at 642.  Further, Plaintiff has demonstrated that he will not comply the order of this Court.  The Court's interest in managing the docket weighs in favor of dismissal.

    Since this action is being delayed due to Plaintiff's wilful failure to comply with the Federal Rules and the order of this Court, the risk of prejudice to Defendants weighs in favor of dismissal. A presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, the Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court expressly advised Plaintiff on two occasions that failure to file a complaint that complied with the orders of this Court would result in the action being dismissed in its entirety.  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

    Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for Plaintiff's failure to comply with a court order.

    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

///

///

3

1 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
3 1153 (9th Cir. 1991).

4     IT IS SO ORDERED.

5   **Dated:**   **October 26, 2012**       /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE